Filed 10/31/13  In re F.T. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re F.T., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>F.T.,<br><br>    Defendant and Appellant. | E058370<br><br>(Super.Ct.No. INJ1200622)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Lawrence P. Best, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed; remanded with directions.

Erica Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

1

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Charles C. Ragland, Deputy Attorney General, for Plaintiff and Respondent.

F.T., a minor, was declared a ward of the juvenile court after an incident of vandalism—spray painting graffiti—committed at the minor's school.  (Pen. Code, § 594, subd. (b)(1).)  He was placed on probation, and filed a timely notice of appeal.  He now contends that a condition of his probation, specifically that he "[n]ot knowingly possess, consume, inhale, or inject any intoxicants, alcohol, narcotics, aerosol products, or other controlled substances, poisons, illegal drugs, including marijuana[,] nor possess related paraphernalia," is unconstitutionally vague and overbroad.  We agree that it is overbroad, and we will remand the cause to the juvenile court with directions to modify the probation condition.[1]

<u>DISCUSSION</u>

THE PROBATION CONDITION IS OVERBROAD

A juvenile court has wide discretion to select appropriate conditions of probation and may impose "any reasonable condition that is fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced."  (*In re Sheena K.* (2007) 40 Cal.4th 875, 889 (*Sheena K.*), internal quotation marks and citations

---

[1] No further discussion of the facts or of the procedural history of the case is necessary.

2

omitted for clarity.)  A probation condition may be challenged on appeal on grounds that it is vague or overbroad.  (*Ibid.*)  Although J.T. did not object to the probation condition in the juvenile court, we conclude that his appeal is not forfeited because the vagueness or overbreadth of the condition is a "'"pure question[] of law that can be resolved without reference to the particular sentencing record developed in the trial court."  [Citation.]'"  (*Ibid.*)

J.T. contends that the probation condition that he "[n]ot knowingly possess, consume, inhale, or inject any intoxicants, alcohol, narcotics, aerosol products, or other controlled substances, poisons, illegal drugs, including marijuana[,] nor possess related paraphernalia," is both vague and overbroad because "it is exceedingly difficult, if not practically impossible, for [minor] to know if he is permitted to legally possess prescribed or over the counter medications which are controlled substances."  We disagree that the condition is vague.  On the contrary, it explicitly prohibits possession or use of *any* intoxicants, alcohol, narcotics, or "other controlled substances."

It is, however, overbroad in that it makes no exception for medications, over-the-counter or prescription, authorized by a doctor, dentist or other medical practitioner.  The parties suggest that the condition can be modified to overcome this problem, and we agree.

## DISPOSITION

The juvenile court is directed to modify the following probation condition, "Not knowingly possess, consume, inhale, or inject any intoxicants, alcohol, narcotics, aerosol products, or other controlled substances, poisons, illegal drugs, including marijuana[,] nor

3

possess related paraphernalia," by adding "The minor may take medications, both prescribed and over-the-counter, if legally prescribed by a physician, dentist, or other medical practitioner, but the minor must give written notice of the prescription to his probation officer."

The judgment is otherwise affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER_____
                                                                    J.

We concur:


HOLLENHORST_____
            Acting P. J.


KING_____
            J.

4